# United States Court of Appeals
## for the Federal Circuit
### 2022-1226

**ROYAL BRUSH MANUFACTURING, INC.,**

*Plaintiff-Appellant*

v.

**UNITED STATES, DIXON TICONDEROGA COMPANY,**

*Defendants-Appellees*

Appeal from the United States Court of International Trade in
No. 1:19-cv-00198-MAB, Judge Mark A. Barnett.

## PLAINTIFF-APPELLANT'S OPPOSITION TO DEFENDANT-APPELLEE UNITED STATES' MOTION TO DISMISS

STEVEN D. GORDON
RONALD A. OLEYNIK
Holland & Knight LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 955-3000

*Counsel for Plaintiff-Appellant*

January 23, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 22-1226 |
| **Short Case Caption** | Royal Brush Manufacturing, Inc. v. US |
| **Filing Party/Entity** | Royal Brush Manufacturing, Inc. |

**Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/23/2023

Signature: /s/ Steven D. Gordon

Name: Steven D. Gordon

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Royal Brush Manufacturing, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

ii

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| Antonia I. Tzinova of Holland & Knight LLP | Dariya V. Golubkova of Holland & Knight LLP | Libby Bloxom of Holland & Knight LLP |
| Liliana V. Farfan of Holland & Knight LLP | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................1

ARGUMENT ...................................................................................3

    I.    THE *ZENITH* RULE AND ITS LIMITS ............................................4

    II.   THIS CASE IS NOT MOOT............................................................6

CONCLUSION ...............................................................................11

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agro Dutch Indus. Ltd. v. U.S.*,
589 F.3d 1187 (Fed. Cir. 2009) ....................................................5, 6, 7

*All One God Faith, Inc. v. U.S.*,
589 F. Supp. 3d 1238 (Ct. Int'l Trade 2022), appeal docketed, No.
23-1078 (Fed. Cir. Oct. 25, 2022) ...............................................10

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013)........................................................................6

*Campbell-Ewald Co. v. Gomez*,
577 U.S. 153 (2016).......................................................................9

*Dailey v. Vought Aircraft Co.*,
141 F.3d 224 (5th Cir. 1998) ......................................................10

*Glus v. Brooklyn E. Dist. Terminal*,
359 U.S. 231 (1959).......................................................................4

*Hyosung TNS, Inc. v. Int'l Trade Comm'n*,
926 F.3d 1353 (Fed. Cir. 2018) ...................................................10

*Pulphus v. Ayers*,
909 F.3d 1148 (D.C. Cir. 2018).....................................................10

*Shinyei Corp. of Am. v. U.S.*,
355 F.3d 1297 (Fed. Cir. 2004) ..................................................5, 7

*SKF USA, Inc. v. U.S.*,
512 F.3d 1326 (Fed. Cir. 2008) .....................................................5

*U.S. v. Hitachi Am., Ltd.*,
172 F.3d 1319 (Fed. Cir. 1999) .....................................................9

*Uniloc 2017 LLC v. Hulu, LLC*,
966 F.3d 1295 (Fed. Cir. 2020) .....................................................7

v

*Zenith Radio Corp. v. U.S.*,
   710 F.2d 806 (Fed. Cir. 1983) ............................................................ *passim*, 4, 5

**Statutes**

19 U.S.C. § 1514 ............................................................................................8

19 U.S.C. § 1514(a) ........................................................................................6

19 U.S.C. § 1516a .............................................................................. *passim*

19 U.S.C. § 1517 ............................................................................................1

19 U.S.C. § 1517(b) ......................................................................................1

19 U.S.C. § 1517(d)(1)(E) ..........................................................................9

19 U.S.C. § 1517(e) ......................................................................................2

19 U.S.C. § 1517(g)(1) ................................................................................4

28 U.S.C. § 1581(c) ......................................................................................4

28 U.S.C. § 2643 ............................................................................................6

**Regulations**

19 C.F.R. § 165.24 ........................................................................................2

19 C.F.R. § 165.28 ........................................................................................9

The Government contends that this appeal is moot—and that this Court lacks jurisdiction to review the decision of Customs and Border Protection ("Customs" or "CBP") that Royal Brush Manufacturing, Inc. ("Royal Brush") evaded an antidumping duty order—because all of the entries at issue have been liquidated. Customs, however, liquidated most of these entries while the evasion investigation and ensuing administrative appeal were pending before the agency, in contravention of the governing statute and regulations and its own representation. In short, the Government argues that Royal Brush should be deprived of its right to judicial review because Customs violated the law. This perverse argument misconstrues the law and presumes incorrectly that Royal Brush's interests are limited to the erroneous assessment of additional duties.

## BACKGROUND

This case involves a proceeding under the Enforce and Protect Act of 2015 ("EAPA"), 19 U.S.C. § 1517, in which Customs concluded that Royal Brush had evaded antidumping duties in importing certain cased pencils.

On February 27, 2018, Royal Brush's competitor, Dixon Ticonderoga Company, filed an allegation with Customs claiming that Royal Brush was transshipping pencils manufactured in the People's Republic of China through the Republic of the Philippines in order to avoid paying antidumping duties. On March 27, 2018, Customs commenced an investigation pursuant to 19 U.S.C. § 1517(b).

1

Customs is required, by both 19 U.S.C. § 1517(e) and 19 C.F.R. § 165.24, to impose specific "interim measures" no later than 90 calendar days after initiating an investigation, if it suspects that an importer entered covered merchandise into the United States through evasion. Customs must <u>suspend</u> the liquidation of each unliquidated entry of covered merchandise that entered <u>on or after</u> the date of the initiation of the investigation, and must <u>extend</u> the period for liquidating each unliquidated entry of covered merchandise that entered <u>before</u> the date of the initiation of the investigation. In sum, Customs must ensure that none of the unliquidated entries are liquidated during the pendency of the evasion investigation.

On June 26, 2018, Customs notified Royal Brush that it was investigating whether Royal Brush evaded payment of certain antidumping duties and so was suspending liquidation of all entries of cased pencils that were imported by Royal Brush on or after March 27, 2018.[1] Further, Customs required "live entry" for all future entries of cased pencils, thereby requiring Royal Brush to pay antidumping duties before release into the U.S. market. *See* Appx000771-000776. Thus, as a matter of law and its own representations, Customs should not thereafter have liquidated any of the entries under investigation.

---

[1] Customs reiterated that these measures were in place when it issued its initial determination of evasion on May 6, 2019. *See* Appx000109.

Customs' investigation covered all entries containing cased pencils that Royal Brush made from March 6, 2017, through the duration of the evasion investigation. In support of its current motion, Customs advises the Court that its investigation covered five entries of cased pencils.   The agency avers that the relevant dates of entry and liquidation for these pencils were as follows:

| Date of entry | Date of liquidation |
|---|---|
| March 27, 2017 | January 19, 2018 |
| August 8, 2017 | June 8, 2018 |
| April 24, 2018 | January 4, 2019 |
| August 10, 2018 | June 28, 2019 |
| July 25, 2018 | June 28, 2019 |

The first two entries liquidated <u>before</u> interim measures supposedly were imposed by Customs, but the final three entries were all liquidated in direct contravention of the interim measures that supposedly were in place and that were required by law to be in place.

## ARGUMENT

The EAPA authorizes Customs "to investigate whether a company or other entity has evaded antidumping and countervailing (AD/CVD) duties in an on the

record investigation."[2]  It also explicitly provides for judicial review of the agency's determinations before the Court of International Trade ("CIT"). 19 U.S.C. § 1517(g)(1).  Congress amended 28 U.S.C. § 1581(c) to expand the jurisdiction of the CIT to include civil actions commenced under 19 U.S.C. § 1517.

Nonetheless, Customs argues that liquidation moots the ability of the CIT and this Court to grant any effectual relief to Royal Brush.  The agency contends that Royal Brush has no judicial recourse because the agency violated its own legal obligations in the course of conducting the evasion investigation.  This argument offends common sense and the applicable law.  "[T]he maxim that no man may take advantage of his own wrong [is] [d]eeply rooted in our jurisprudence [and] has been applied in many diverse classes of cases by both law and equity courts." *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 232–33 (1959).  Customs cannot avoid judicial review of its evasion decision based on its own dereliction of legal duties.

## I.    The *Zenith* Rule and Its Limits

Customs bases its mootness argument on *Zenith Radio Corp. v. United States,* 710 F.2d 806 (Fed. Cir. 1983).  In *Zenith*, a domestic television manufacturer brought an action under 19 U.S.C. § 1516a to challenge an agency determination that reduced certain dumping margins for imported television sets.  The Court held

---

[2] *Enforce and Protect Act (EAPA)*, U.S. CUSTOMS AND BORDER PROTECTION, https://www.cbp.gov/trade/trade-enforcement/tftea/eapa, (last modified Sep. 26, 2022).

that allowing liquidation of the televisions at issue, before a decision on the merits regarding the dumping margin is rendered, would deprive Zenith of its "statutory right to obtain judicial review of the determination." *Id.* at 810. "From the absence of any statutory provision [in § 1516a] allowing subsequent reliquidation if a challenge is successful, [the Court] inferred that '[o]nce liquidation occurs, a subsequent decision by the trial court on the merits of [a] challenge can have no effect on the dumping duties assessed.'" *Agro Dutch Indus. Ltd. v. U.S.*, 589 F.3d 1187, 1190 (Fed. Cir. 2009) (quoting *Zenith*, 710 F.2d at 810). Thus, after liquidation, "[j]udicial review of the challenged . . . determination [would] provide no tangible benefit for Zenith, making that review unavailing." *Zenith*, 710 F.2d at 810.

The Court has applied the *Zenith* rule that liquidation moots a case in the context of judicial review under 19 U.S.C. § 1516a, i.e., review of administrative determinations setting the amount of an antidumping or countervailing duty.[3] But the Court has been clear that the *Zenith* rule is "limited to section 516A [19 U.S.C. § 1516a] actions" and that it is error to "engraft" *Zenith* onto other actions. *Shinyei Corp. of Am. v. U.S.*, 355 F.3d 1297, 1309 (Fed. Cir. 2004). The Court reasoned

---

[3] The Court has, however, expressed doubt about the *Zenith* rule, noting that its "effect may run counter to a congressional intent to facilitate judicial review of Commerce determinations." *SKF USA, Inc. v. U.S.,* 512 F.3d 1326, 1329 (Fed. Cir. 2008).

5

that, in actions under other provisions, the "broad remedial powers" granted to the CIT by 28 U.S.C. § 2643 authorize it to order reliquidation in appropriate cases, even in the absence of an express statutory provision. The Court rejected the Government's argument that reliquidation can only be ordered in cases brought under 19 U.S.C. § 1514(a) where this remedy is explicitly authorized. *See id.* at 1310–12.

Even in actions under 19 U.S.C. § 1516a, where *Zenith* normally applies, the Court has recognized exceptions to the general rule. Notably, the rule does not apply to moot a claim if the liquidation took place in violation of an injunction issued by the CIT. "[T]he rule of *Zenith* is designed to promote finality for antidumping duties and related liquidations . . . [but] the interest in finality must give way in the face of a more compelling interest . . . namely, effecting the intent of the . . . court to prevent a premature liquidation while judicial review is ongoing." *Agro Dutch*, 589 F.3d at 1193. Thus, "when liquidation violates an injunction, not only does the trial court retain jurisdiction, but a broad array of remedies (including reliquidation) is available to the court to rectify the unlawful liquidation." *Id.* at 1192.

## II.    This Case Is Not Moot

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*,

6

568 U.S. 85, 91 (2013) (internal quotation marks and citation omitted).  A case is moot "only if 'it is impossible for [the court] to grant any effectual relief whatever' to [plaintiff] assuming it prevails." *Uniloc 2017 LLC v. Hulu, LLC*, 966 F.3d 1295, 1301 (Fed. Cir. 2020) (quoting *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, –– U.S. ––––, 139 S. Ct. 1652, 1660 (2019)).

There are multiple reasons why the *Zenith* rule is inapplicable here and does not render this case moot.

First, this case is not brought under 19 U.S.C. § 1516a and does not involve a challenge to the correctness of a (countervailing or antidumping) duty rate on particular merchandise, as determined by the U.S. Department of Commerce.  It is not a challenge to the rate-setting process (or the inputs used to calculate the applicable rate).  Instead, it is brought under 19 U.S.C. § 1517 to challenge Customs' adjudication that Royal Brush imported Chinese-origin pencils that were transshipped through the Philippines and, in so doing, evaded payment of the established antidumping duties.  Thus, the *Zenith* rule does not apply and it is error to engraft it here.  *See Shinyei*, 355 F.3d at 1309–12.

Second, although the *Zenith* rule is designed to promote finality for antidumping duties, it "must give way in the face of a more compelling interest." *Agro Dutch*, 589 F.3d at 1193.  In *Agro Dutch*, the more compelling interest was "effecting the intent of the . . . court to prevent a premature liquidation while judicial

7

review is ongoing." *Id.* Here, the more compelling interest is effecting the intent of Congress of prevent a premature liquidation while an evasion investigation is being conducted. The interest in effectuating Congress' statutory directive to prevent premature liquidations is equally compelling as the interest in effectuating a court's order enjoining a liquidation. Consequently, when a liquidation violates either a judicial order or a statutory mandate, the result should be the same: "not only does the trial court retain jurisdiction, but a broad array of remedies (including reliquidation) is available to the court to rectify the unlawful liquidation." *Id.* at 1192.

Applying the *Zenith* rule to evasion investigations would create a trap for unwary importers and enable Customs to escape judicial review of its decisions based on its own illegal conduct. An importer under investigation for alleged evasion could not rely on the Congressional mandate that its entries will not be liquidated until the investigation is concluded. Nor could the importer rely on Customs' representation that the entries at issue will not be liquidated until the investigation concludes. Instead, the importer must regularly double-check Customs' public website to make sure that the entries have not been liquidated and, if they have, it must file a separate protest of those liquidations pursuant to 19 U.S.C. § 1514 within 180 days. The interest in promoting finality for antidumping duties does not justify such an outlandish and inequitable result.

8

Third, a case is not moot "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (citation omitted). Here, Royal Brush has interests in reversing the agency finding of evasion regardless of whether reliquidation is an available form of relief. Apart from the duties already collected upon liquidation, Customs' determination of evasion will expose Royal Brush to increased duties on, and further scrutiny of, its future imports of cased pencils. In addition, the EAPA provides sanctions for evasion beyond collecting the applicable duty. Customs can "take such additional enforcement measures as the Commissioner determines appropriate," including initiating proceedings for fraud or gross negligence, or referring the record for civil or criminal investigation. *See* 19 U.S.C. § 1517(d)(1)(E). The EAPA regulations specify that Customs can sanction evasion with respect to entries that have already been liquidated. *See* 19 C.F.R. § 165.28(a) ("For entries of covered merchandise that are already liquidated when an affirmative determination is made as to evasion under § 165.27, CBP will initiate or continue any appropriate actions separate from this proceeding.").

Accordingly, because the agency's finding of evasion affects Royal Brush's future imports of certain cased pencils and could trigger additional penalties or sanctions for Royal Brush, this case is not moot. *See U.S. v. Hitachi Am.., Ltd.*, 172 F.3d 1319, 1331 (Fed. Cir. 1999).

9

Fourth, this case is not moot because of the damage to Royal Brush's reputation resulting from the agency's finding of evasion. "[A] case may remain alive based on [c]ollateral consequences[.]" *Hyosung TNS, Inc. v. Int'l Trade Comm'n*, 926 F.3d 1353, 1358 (Fed. Cir. 2018) (citation omitted). The "mere possibility of adverse collateral consequences," such as damages to a plaintiff's reputation, "is sufficient to preclude a finding of mootness." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 228 (5th Cir. 1998) (citation omitted). "Reputational harm may constitute an ongoing, redressable injury where it derives directly from an unexpired and unretracted government action." *Pulphus v. Ayers*, 909 F.3d 1148, 1153 (D.C. Cir. 2018) (internal quotation marks omitted). For example, if "a governmental designation directly harmed the plaintiff's professional reputation because the designation was inherently stigmatizing." *Id.* Here, Customs' finding that Royal Brush evaded antidumping duties is inherently stigmatizing and could be detrimental to Royal Brush's reputation and success. This reputational harm constitutes another reason why this case is not moot. *See Dailey*, 141 F.3d at 227.[4]

---

[4] Customs relies on a recent CIT decision, currently on appeal, which holds that liquidation of entries moots judicial review of an evasion decision under the EAPA. *See All One God Faith, Inc. v. U.S.*, 589 F. Supp. 3d 1238, 1247–48 (Ct. Int'l Trade 2022), appeal docketed, No. 23-1078 (Fed. Cir. Oct. 25, 2022) (lead case, consolidated with No. 23-1081). However, that decision did not consider any of the arguments raised in this brief.

## CONCLUSION

Customs cannot moot this case by violating its own legal duties and thereby deprive Royal Brush of the right to judicial review.  Notwithstanding Customs' dereliction, Royal Brush has several legally cognizable interests in the outcome of this case.  Further, the Court can grant effectual relief to Royal Brush by reversing the agency's finding of evasion and by ordering reliquidation at the correct duty rate.  Accordingly, this appeal is not moot and the Government's motion to dismiss should be denied.

Dated: January 23, 2023

Respectfully submitted,
/s/ Steven D. Gordon
Steven D. Gordon
Ronald A. Oleynik
Holland & Knight LLP
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
Steven.Gordon@hklaw.com
Ron.Oleynik@hklaw.com
*Attorneys for Plaintiff-Appellant Royal Brush Manufacturing, Inc.*

11

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:**  22-1226

**Short Case Caption:**  Royal Brush Manufacturing, Inc. v. US

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑    the filing has been prepared using a proportionally-spaced typeface and includes  2,409  words.

☐    the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐    the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 01/23/2023         Signature:   /s/ Steven D. Gordon

                          Name:      Steven D. Gordon

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, a true and correct copy of the foregoing was served upon the counsel of record via email through the U.S. Court of Appeals for the Federal Circuit's CM/ECF system.


/s/ Steven D. Gordon