No. 22-1226

IN THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ROYAL BRUSH MANUFACTURING, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

DIXON TICONDEROGA COMPANY,

Defendants-Appellees.

Appeal from the United States Court of International Trade
in Case No. 19-CV-00198, Chief Judge Mark A. Barnett

**DEFENDANT-APPELLEE'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF JURISDICTION**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Assistant Director

                                        ANTONIA R. SOARES
                                        Senior Trial Counsel
                                        U.S. Department of Justice
                                        Civil Division
                                        Commercial Litigation Branch
                                        P.O. Box 480, Ben Franklin Station
                                        Washington D.C. 20044

January 30, 2023                      Attorneys for Defendant-Appellee the
                                        United States

# **TABLE OF CONTENTS**

ARGUMENT ...................................................................................................... 1

    I.     Royal Brush Does Not Challenge Our Showing That This Court Lacks Jurisdiction Because It Failed To Protest The Liquidations ....... 2

    II.    Royal Brush Misinterprets The Scope Of The *Zenith* Rule ................... 3

    III.   Royal Brush's Remaining Arguments Lack Merit .............................. 8

CONCLUSION ................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**

*Agro Dutch Indus. Ltd.v. United States*,
  589 F.3d 1187 (Fed. Cir. 2009) ...................................................................9

*All One God Faith, Inc. v. United States*,
  589 F. Supp. 3d 1238 (Ct. Int'l Trade 2022)...........................................7, 8

*American Signature, Inc. v. United States*,
  598 F.3d 816 (Fed. Cir. 2010) ...................................................................6

*Ames True Temper v. United States*,
  700 F. Supp. 2d 1352 (Ct. Int'l Trade 2010) ...........................................10

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2016)..................................................................................11

*Dailey v. Vought Aircraft Co.*,
  141 F.3d 224 (5th Cir. 1998) ....................................................................11

*Hyosung TNS, Inc. v. Int'l Trade Comm'n*,
  926 F.3d 1353 (Fed. Cir. 2018) ................................................................11

*Juice Farms, Inc. v. United States*,
  68 F.3d 1344 (Fed. Cir. 1995) ............................................................ *passim*

*Mukand Int'l Ltd. v. United States*,
  502 F.3d 1366 (Fed. Cir. 2007) ........................................................ 6, 7, 8

*Pulphus v. Ayers*,
  909 F.3d 1148 (D.C. Cir. 2018)......................................................... 11, 12

*Shinyei Corp. of America v. United States*,
  355 F.3d 1297 (Fed. Cir. 2004).........................................................*passim*

*SKF USA, Inc. v. United States*,
  512 F.3d 1326 (Fed. Cir. 2008) ...........................................................3, 10

*United States v. Am. Home Assur. Co.*,
  789 F.3d 1313 (Fed. Cir. 2015) .................................................................3

*United States v. Cherry Hill Textiles, Inc.*,
   112 F.3d 1550 (Fed. Cir. 1997) ..................................................................3

*United States v. Hitachi Am.., Ltd.*,
   172 F.3d 1319 (Fed. Cir. 1999) ................................................................11

*Zenith Radio Corp. v. United States*,
   710 F.2d 806 (Fed. Cir. 1983) ....................................................................3

**Statutes**

5 U.S.C. § 702 ....................................................................................................4

19 U.S.C. § 1514 ..................................................................................... *passim*

19 U.S.C. § 1514(a) ................................................................................ *passim*

19 U.S.C. § 1514(c) ...........................................................................................7

19 U.S.C. § 1516a .........................................................................................4, 5

19 U.S.C. § 1517 ...............................................................................................7

19 U.S.C. § 1517(d)(1)(A)(i) ............................................................................7

19 U.S.C. § 1517(g) ........................................................................................72

19 U.S.C. § 1675(a)(2)(C) .............................................................................4, 6

19 U.S.C. § 1515(a) ......................................................................................7, 8

19 U.S.C. § 1515(c) ...........................................................................................7

19 U.S.C. § 1516a .........................................................................................4, 5

28 U.S.C. § 1581(a) ................................................................................ *passim*

28 U.S.C. § 1581(c) ..........................................................................................2,

IN THE UNITED STATES COURT OF
APPEALS FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| ROYAL BRUSH MANUFACTURING, INC., | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )  No. 22-1226 |
| | ) |
| UNITED STATES, DIXON TICONDEROGA COMPANY, | ) |
| | ) |
| Defendants-Appellees. | ) |

**DEFENDANT-APPELLEE'S REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS FOR LACK OF JURISDICTION**

Pursuant to Federal Circuit Rule 27, defendant, the United States, respectfully files this reply in support of its motion to dismiss for lack of jurisdiction. As demonstrated in our motion, this appeal should be dismissed because the entries of merchandise have all been liquidated, and these liquidations divested the trial court, and divest this Court, of jurisdiction. Appellant, Royal Brush Manufacturing, Inc., has failed to rebut this showing and, thus, has failed to carry its burden of establishing this Court's jurisdiction.

**ARGUMENT**

The appeal should be dismissed because the entries subject to the Enforce and Protect Act of 2015 (EAPA) case have all been liquidated. Indeed, U.S. Customs and Border Protection (CBP or Customs) liquidated the entries before

Royal Brush commenced its EAPA action in the trial court. Because Royal Brush did not protest the liquidations, the trial court and this Court lack jurisdiction.

**I.      Royal Brush Does Not Challenge Our Showing That This Court Lacks Jurisdiction Because It Failed To Protest The Liquidations**

Royal Brush's response brief fails to address the statute's protest requirement. *See* 19 U.S.C. § 1514; 28 U.S.C. § 1581(a); *see also Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1995) ("Section 1514 of title 19 contemplates that both the legality and correctness of a liquidation be determined, at least initially, via the protest procedure.") (internal quotations omitted). Because Royal Brush did not pursue this statutory remedy, the liquidation of the entries became final and conclusive, and divested this Court and the trial court of jurisdiction. *See Juice Farms, Inc.*, 68 F.3d at 1346 (affirming the trial court's holding that it lacked jurisdiction because the importer had failed to protest the liquidations within the time limits prescribed by section 1514).

With the exception of its discussion of *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) (*see* Appllt. Br. at 4-6, 7-8), Royal Brush fails to address, let alone rebut, our reliance on several other cases in which this Court and the trial court have held that an unprotested liquidation divests the trial court of jurisdiction, even if the liquidation was erroneous. *See* Gov. Mot. at 11-14 (citing *United States v. Am. Home Assur. Co.*, 789 F.3d 1313, 1323 (Fed. Cir. 2015) ("{E}ven though it is undisputed that Customs' 2005 reliquidations were

erroneous, {surety for importer's} failure to challenge those reliquidations in the Court of International Trade resulted in those liquidations becoming final and conclusive."); *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1329 (Fed. Cir. 2008) ("The *Zenith* rule renders a court action moot once liquidation occurs.") (per curiam); *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1557 (Fed. Cir. 1997) ("The language of section 1514, that a liquidation will be 'final and conclusive' unless protested, is sufficiently broad that it indicates that Congress meant to foreclose unprotested issues from being raised in any context, not simply to impose a prerequisite to bringing suit."); *Juice Farms, Inc.*, 68 F.3d at 1346 (holding that the Court of International Trade properly dismissed the case for lack of jurisdiction because the importer failed to file a timely protest challenging Customs' liquidation of its entries)).

## II.   Royal Brush Misinterprets The Scope Of The *Zenith* Rule

Royal Brush contends that the *Zenith* rule does not apply because, under this Court's later decision in *Shinyei Corporation of America v. United States*, the *Zenith* rule is limited to actions under 19 U.S.C. § 1516a." Appllt. Br. at 5 (quoting 355 F.3d 1297, 1309 (Fed. Cir. 2004)). Royal Brush misinterprets *Shinyei*.

In *Shinyei*, the importer brought a claim under the Administrative Procedure Act (APA), 5 U.S.C. § 702, alleging that Commerce's liquidation instructions

3

violated 19 U.S.C. § 1675(a)(2)(C).  355 F.3d at 1303.  Specifically, the importer alleged that Commerce had erroneously instructed CBP to liquidate entries contrary to the amended final results of the underlying antidumping duty administrative review.  *Id.*  The importer brought suit in the trial court seeking a writ of mandamus to obtain immediate liquidation pursuant to the amended final results.  *Id.*  While the suit was pending, CBP liquidated the importer's entries.  *Id.*  The importer amended its action to seek reliquidation of the entries, but the trial court dismissed the action for lack of jurisdiction.  *Id.* at 1304.  This Court reversed, holding that liquidation did not divest the trial court of jurisdiction over an APA action challenging Commerce's instructions for violating 19 U.S.C. § 1675(a)(2)(C).  *Id.* at 1305-1312.

In holding that the *Zenith* rule did not apply to the facts of that case, however, the Court recognized that the result would have been different had the action involved a protest of erroneously liquidated entries under 19 U.S.C. § 1514(a).  *Id.* at 1302 n.2, 1310-11.  The Court explained that, if a party alleges an error by CBP, its claim falls under 19 U.S.C. § 1514, governing the protest of CBP decisions, a denial of which is reviewable by the Court of International Trade under jurisdiction conferred by 28 U.S.C. § 1581(a).  *See id.* at 1302 n.2 (recognizing that, if the error was in Customs' liquidation of the subject entries despite correct instructions, the importer's "appropriate avenue for relief would be

4

under 19 U.S.C. § 1514"); *see also id.* at 1310-11.  This Court observed that, "{n}otably, Shinyei filed protests against the Customs liquidations to 'preserve its rights in . . . case it should be ultimately decided that the . . . liquidations reflect Customs Error rather than Commerce Error.'"  *Id.* at 1302 n.2.  Although agreeing with the parties that "section 1514 is inapplicable because the alleged agency error was on the part of Commerce, not Customs{,}" the Court also recognized that "no section in the statute provides that liquidations are final except within the narrow confines of section 1514; the statute's discussion of finality relates to decisions of Customs."  *Id.* at 1311.  The Court further recognized that, "{i}ndeed, the very existence of section 1514 suggests that Congress recognized the necessity of providing relief in situations in which errors occurred."  *Id.*

The *Shinyei* Court's recognition of the availability of the protest remedy under 19 U.S.C. § 1514(a) in response to erroneous liquidations also aligns with its recognition that the importer in that case "cannot be described as a party that has slept on its rights{ }" given that, among other things, it had filed suit in the trial court seeking a writ of mandamus ordering liquidation of its entries at the rate to which it thought it was entitled.  355 F.3d at 1309.  The importer there also filed protests under section 1514 to "preserve its rights."  *Id.* at 1302 n.2.

Here, however, Royal Brush slept on its rights by failing to bring a protest.  Royal Brush's failure to pursue its statutory remedy to protest the liquidations

5

renders reliquidation an inappropriate form of relief. Indeed, since *Shinyei*, this Court has reaffirmed that an importer is not entitled to reliquidation when the importer "failed to avail itself of . . . alternative remedies." *Mukand Int'l Ltd. v. United States*, 502 F.3d 1366, 1369, 1370 (Fed. Cir. 2007) (distinguishing the case from the facts of *Shinyei* where "the importer {had} diligently pursued its rights{ }").

Royal Brush also contends that the *Zenith* rule does not apply to actions such as this one brought under the EAPA statute, 19 U.S.C. § 1517. Appllt. Br. at 7. As we explained in our motion to dismiss, in *All One God Faith, Inc. v. United States*, the trial court applied the *Zenith* rule to an EAPA action, holding that the framework governing liquidations under section 1514(a) applies to EAPA cases. 589 F. Supp. 3d 1238, 1247-48 (Ct. Int'l Trade 2022), *appeal docketed*, No. 23-1081 (Fed. Cir. Oct. 25, 2022). Specifically, the trial court held that the jurisdictional grant over CBP's EAPA determination under 19 U.S.C. § 1517(g) and 28 U.S.C. § 1581(c) does not extend to challenging liquidations of an entry subject to that determination. *Id.* at 1247. Rather, "{w}here erroneous liquidation has occurred — including where CBP has failed to comply with 19 U.S.C. § 1517(d)(1)(A)(i)'s requirement that it suspend the liquidation of subject merchandise — the aggrieved importer must first file a protest specifying CBP's error" under 19 U.S.C. § 1514. *Id.* "Only upon the denial of such protest, or upon

6

the denial of an application for further administrative review of a denied protest, may an importer then appeal the liquidation to this court." *Id.* (citing 19 U.S.C. §§ 1515(a), 1515(c); 28 U.S.C. § 1581(a)). "If no protest is filed, or if a protest is filed and denied but not appealed, even erroneous liquidation 'shall be final and conclusive upon all persons (including the United States and any officer thereof).'" *Id.* (quoting 19 U.S.C. § 1514(a)). The trial court concluded that it "lacks jurisdiction over finally liquidated entries, pursuant to 19 U.S.C. §§ 1514(a) and 1515(a), and 28 U.S.C. § 1581(a)." *Id.* The facts in this case are analogous because Royal Brush failed to protest the liquidations of its entries. Thus, even if the entries were liquidated in error, this Court would not possess jurisdiction to review Royal Brush's EAPA claims because Royal Brush did not bring a protest. *See, e.g., Juice Farms, Inc.*, 68 F.3d at 1346 ("{A}ll liquidations, whether legal or not, are subject to the timely protest requirement. Without a timely protest, all liquidations become final and conclusive under 19 U.S.C. § 1514.").

Royal Brush consigns *All One God Faith, Inc.* to a footnote, contending that "th{e} decision did not consider any of the arguments raised in this brief." Appllt. Br. at 10 n.4. But as Royal Brush recognizes in the same footnote, the Government relied on *All One God Faith, Inc.* because it "holds that liquidation of entries moots judicial review of an evasion decision under the EAPA." *Id.* (citing 589 F. Supp. 3d at 1247-48). Because *All One God Faith, Inc.* is directly relevant to the issue of

7

jurisdiction under the *Zenith* rule in the EAPA context, it is difficult to discern how that case is not relevant to the arguments raised in Royal Brush's brief. Royal Brush's failure to rebut our reliance on *All One God Faith, Inc.* underscores its failure to carry its burden of establishing this Court's jurisdiction.

### III.  Royal Brush's Remaining Arguments Lack Merit

The settled *Zenith* rule notwithstanding, Royal Brush raises several additional arguments contending that this Court and the trial court somehow retain jurisdiction. *See* Appllt. Br. at 7-10.

First, relying on *Agro Dutch Indus. Ltd. v. United States*, Royal Brush contends that, "although the *Zenith* rule is designed to promote finality for antidumping duties, it 'must give way in the face of a more compelling interest.'" Appllt. Br. at 7-8 (quoting 589 F.3d 1187, 1193 (Fed. Cir. 2009)). Royal Brush contends that, in this case, "the more compelling interest is effecting the intent of Congress of prevent a premature liquidation while an evasion investigation is being conducted{,}" which Royal Brush contends is analogous to the compelling interest at issue in *Agro Dutch* "in effectuating a court's order enjoining a liquidation." *Id.* at 8. The facts in *Agro Dutch* are not analogous. In that case, CBP liquidated the subject entries after the issuance of an injunction against liquidation, but before the injunction took effect. *Agro Dutch*, 589 F.3d at 1190. Although recognizing that "the *Zenith* rule ordinarily renders moot court actions in which liquidation has

8

already occurred," the Court held that, "when liquidation violates an injunction, not only does the trial court retain jurisdiction, but a broad array of remedies (including reliquidation) is available to the court to rectify the unlawful liquidation." *Id.* at 1192.

Here, the liquidations did not violate an injunction. As explained in our motion to dismiss, Royal Brush's five entries of cased pencils had been liquidated prior to its November 2019 request for an injunction from the trial court. *See* Gov. Mot. at 6-7.

Royal Brush further contends that "{a}pplying the *Zenith* rule to evasion investigations would create a trap for unwary importers and enable Customs to escape judicial review of its decisions based on its own illegal conduct." Appllt. Br. at 8. Implicit in the *Zenith* rule is the understanding that, as here, the liquidations were erroneous. And this Court and the trial court have rejected similar unfairness arguments. In *SKF USA,* this Court explained that "*Zenith* focused on the fact of liquidation; it did not turn on the nature of the action giving rise to liquidation." 512 F.3d at 1329. Similarly, in *Ames True Temper v. United States*, the trial court rejected the plaintiff's "argument to avoid mootness" based on "the arguably unfair result if it cannot obtain reliquidation{,}" holding that "{a}pplication of the *Zenith* rule renders a case moot without consideration of the

9

underlying circumstances." 700 F. Supp. 2d 1352, 1359 (Ct. Int'l Trade 2010)) (citing *SKF USA,* 512 F.3d at 1329).

In connection with its unfairness argument, Royal Brush contends that it would be "outlandish and inequitable" to require that "the importer must regularly double-check Customs' public website to make sure that the entries have not been liquidated." Appllt. Br. at 8. But that is precisely what this Court has required. In *Juice Farms*, a case decided before our electronic age, this Court observed that Customs posted bulletin notices of the liquidations at the customshouse, and that "{t}he bulletin notices supply sufficient notice and thus trigger the ninety-day period for protests." 68 F.3d at 1346. The Court concluded that, because "the bulletin notices adequately notified {the importer} of the liquidations{,}" the importer should have filed a timely protest. *Id*. The Court also held that the importer "bears the burden to check for posted notices of liquidation and to protest timely{,}" and that it "cannot circumvent the timely protest requirement by claiming that its own lack of diligence requires equitable relief{.}" *Id*.

Second, relying on inapposite case law, Royal Brush contends that "a case is not moot '{a}s long as the parties have a concrete interest, however small, in the outcome of the litigation.'" Appllt. Br. at 9 (citing cases). Royal Brush contends that its interests include reversing CBP's evasion finding, which potentially exposes Royal Brush to increased duties on, and further scrutiny of, its future

10

imports of cased pencils. *Id.* But Royal Brush's "concrete interests" would have been preserved had it challenged the liquidation of its entries under 19 U.S.C. § 1514(a). Unlike the importer in *Shinyei*, however, Royal Brush slept on its rights. Further, Royal Brush's "concrete interest" argument is not relevant to the jurisdictional issue here given the liquidation of the subject entries; the relevant inquiry is confined to "the fact of liquidation." *See SKF USA,* 512 F.3d at 1329.

Finally, relying on inapposite cases, Royal Brush contends that this case is not moot due to "collateral consequences" such as the damage to Royal Brush's reputation resulting from the evasion determination. Appllt. Br. at 10 (citing cases). But none of these cases addresses the *Zenith* rule or the jurisdictional bar presented by Royal Brush's failure to timely protest the liquidations of its entries. *See Hyosung TNS, Inc. v. Int'l Trade Comm'n*, 926 F.3d 1353 (Fed. Cir. 2018) (patent infringement case); *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 228 (5th Cir. 1998) (attorney disbarment case); *Pulphus v. Ayers*, 909 F.3d 1148, 1153 (D.C. Cir. 2018) (free speech case). Again, Royal Brush would have avoided any "collateral consequences" had it pursued its statutory protest remedy to preserve its rights. *See, e.g., Juice Farms*, 68 F.3d at 1346.

## **CONCLUSION**

For these reasons, we respectfully request that the Court grant defendant-appellee's motion to dismiss for lack of jurisdiction.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General


PATRICIA M. McCARTHY
Director


/s/ Claudia Burke
CLAUDIA BURKE
Assistant Director


/s/ Antonia R. Soares
ANTONIA R. SOARES
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington D.C. 20044
(202) 305-7405
antonia.soares@usdoj.gov

January 30, 2023                    Attorneys for Defendant-Appellee the United States

## **CERTIFICATE PURSUANT TO RULE 32(A)(7)(C)**

I, Antonia R. Soares, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, certify that this brief, which used Times New Roman font with 14 point type, contains 2,599 words (relying upon the Microsoft Word word count feature of the word processing program used to prepare this principal brief) and complies with the type-volume limitation contained in Rule 32(a)(7)(B).

                                               _Antonia R. Soares_
                                               Antonia R. Soares

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 30th day of January, 2023, a copy of the foregoing DEFENDANT-APPELLANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF JURISDITCION was filed electronically.

__X__ This filing was served electronically to all parties by operation of the Court's electronic filing system.

_____

____ A copy of this filing was served via:

    ____ hand delivery

    ____ mail

    ____ third-party commercial carrier for delivery within 3 days

    ____ electronic means, with the written consent of the party being served

To the following address:

                                              /s/ Antonia R. Soares
                                                Antonia R. Soares